## P.  H.  SHANHOLTZER,  Respondent,  v.  C. BRUBAKER,  Appellant.

### Kansas City Court of Appeals, November 6, 1911.

1. **TRIAL PRACTICE:** Instruction Defining Preponderance of Evidence. Plaintiff sued defendant for a commission for the sale of real estate. On the trial the court gave an instruction defining preponderance of evidence. Defendant complained of this instruction, claiming that the jury were directed to give greater weight to the evidence of plaintiff's one witness than to defendant's two. As the finding of the jury was in favor or the defendant on the issue supported by two witnesses for defendant, the error in the instruction was harmless.

2. ————: Theory Adopted on Trial. Where defendant by his instructions did not submit the question of whether or not there was a partnership relation between him and plaintiff in the sale of the land, he will not be heard to present the question in this court, especially as that contention is inconsistent with the theory presented in the trial court.

3. ————: Sufficiency of Evidence: Question for Jury. Where plaintiff's statements are possible and consistent, the question of their truth is for the jury.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*S. A. Wright* and *M. T. January* for appellant.

*A. J. King* and *H. C. Clark* for respondent.

BROADDUS, P. J.—This is a suit to recover commission for the sale of land. The evidence tends to show on the part of respondent that appellant was the owner of 6781 acres of land in Nowata county, Oklahoma, in December, 1906; that he claimed said land had cost him $15,000; that he contracted with respondent to sell the same for him and as a compen-

sation for his services in the event of sale, appellant was to pay him all above $15,000 he received for it; that respondent procured a purchaser in the person of George W. Lane, who contracted that he would buy the land at the price and sum of $18,000; that he would pay $1500 cash and secure the deferred payment by a deed of trust on the land; that respondent communicated the offer of purchase by said Lane to appellant, and that appellant in all things accepted the proposition, and by deeds duly executed, conveyed said land to said Lane on March 21, 1907; that after the transfer of the land by appellant, respondent demanded of the appellant the amount due him; to-wit, $3600, under the contract, but respondent was induced by appellant to wait for the amount due him until the fall of 1907; that appellant having failed to pay respondent his demand, he commenced this suit.

The defendant's answer is a general denial and the pleading of a set-off based on a promissory note for $1000 which was admitted to be just by respondent.

Lane and respondent testified that the purchase price of the land was $18,000. Appellant testified that under the agreement with respondent, commission was not to be paid him until he had received from the purchaser the sum of $15,000, the amount he had invested in the land. The appellant endeavored to show that himself, respondent and Lane were partners in the land, but as that question was not submitted to the jury, it is not necessary to state the testimony relating to it. Appellant's testimony was also to the effect that the purchase price of the land was not $18,600, but $17,600. The jury accepted his statement of that amount being true, and found for plaintiff the difference between that sum and $15,600, the amount he claimed he had invested in the land, less the note and interest for $1000 pleaded

as a set-off, to-wit, in the sum of $1360. Defendant appealed from the judgment.

The only issues appellant presented to the jury were by way of two instructions given at his instance by the court, one to the effect that the verdict should be returned for him unless the greater weight of the evidence showed that he agreed to pay a commission to respondent, the difference between the sum Lane agreed to pay for the land and $15,000 as soon as the trade with Lane was closed, or further, that by subsequent agreement he was to pay it in the fall.

This issue was put to the jury in the other instruction in the affirmative form, that is, if the jury found from the evidence that the understanding between the parties was that appellant was to get from Lane the money appellant had invested in the land before respondent should get his profit, then their verdict should be for appellant and the jury should return a verdict for the note and interest pleaded as a set-off.

The following instruction given at the instance of respondent is criticised by appellant: "The court instructs the jury that the term preponderance of the testimony does not mean that where two or more witnesses swear to a fact and one or a less number swear to the contrary, that the jury must find the facts sworn to by the two or greater number to be true; but that they may take into consideration all of the circumstances of the case, manner and interest of the witnesses, the probability or improbability of their testimony; and you are at liberty if you choose to accept the evidence of the lesser number of witnesses against that of the greater number." The appellant very generously waives any criticism of the instruction for the startling intimation that there could be a less number of witnesses than one, but insists that it is faulty and misleading because he had two witnesses while respondent only had one, and the in-

struction was an intimation that they might take the evidence of the one over that of the two. The instruction was improper in any view, but we do not think appellant was harmed by it, for notwithstanding Lane was called by appellant and testified for him as to certain matters which were not submitted to the jury his evidence was mostly in favor of the respondent on the issue that was submitted to them, that is, how much Lane was to pay for the land appellant deeded to him. On this dispute of the evidence the finding was in favor of the appellant who was contradicted by both Lane and respondent. It will thus be seen that the jury were not misled by the instruction.

Appellant contends that the evidence showed a partnership between the parties to the suit and witness Lane, if so, he should have made it an issue in his instructions, but as he did not do so, he has waived that matter. Besides it was inconsistent with his other defense.

There was no error in the admission of evidence and in the instruction except the one mentioned. But appellant insists that respondent's statements show that it was impossible for them to have been true and for that reason the judgment should be reversed. If his contention is true it ought to be set aside. But there is nothing impossible in respondent's statements to the jury. It could all have happened just as he says it did. And it is conceded things occurred as he stated they did. He may have lied about some things but his story was consistent and possible and it was for the jury to say whether he told the truth. The defendant's weakness was in trying to get before the jury two inconsistent defenses. There was a fair trial and no error committed by the court, except in the instruction referred to, which was harmless, therefore, the cause is affirmed. All concur.